ON APPLICATION FOR REHEARING EN BANC.
PER CURIAM.
In his application for rehearing, counsel for plaintiff filed an alternative motion that -this case be remanded to the lower court for the reception of further evidence as .to whether the $8,100 insurance policy written in the name of Eddie B. Plarper, alone, covered, was intended to cover, or for -equitable reasons should be construed to • cover, the interest of the succession of Joyce B. Harper, deceased, as joint owner in indivisión of the property. The appli- . cation for rehearing reads in part as follows :
“Therefore we do not believe that the insurable interest value test can be determinative of the issue in the way we understand it is applied here, but that it is one of several material circumstances which has bearing upon a determination of the issue. We concede again that it would be desirable and important to have the evidence before the court. We think it should be before the Court. We would urge therefore as additional reason for rehearing in this matter that the Court should reconsider the record for the purpose of determining whether in the ends of justice it should remand the case to the District Court for the purpose of receiving evidence on this issue and further proceedings according to law. We are fully aware that the Court cannot remand cases in every situation where one party or the other may have failed to produce some pertinent or material evidence but where the facts warrant and the end of justice require the same, this Court is authorized and should exercise its powers in that respect.”
In view of plaintiff’s alternative motion for a remand, indicating that he can and desires to introduce further evidence on this issue, which might change the result of this case, and in view of the equities involved, as stated in our original opinion, we have decided to remand this case to the lower court for the stated purpose. The evidence to be introduced should include, but not necessarily be limited to, the insurance policy in question, the amount of the full insurable value of the property and the value of the insurable interest of Eddie B. Harper in said property.
For the reasons stated, it is ordered that our original judgment and decree rendered herein on March 8, 1962, be set aside and annulled. It is further ordered that this case be now remanded to the 30th Judicial District Court for the Parish of Beauregard for the purpose of receiving into the *696 record additional evidence by plaintiff and defendant on the issue of whether the said $8,100 insurance policy written in the name of Eddie B. Harper, alone, covered, or was intended to cover, or for equitable reasons should be construed to cover, the interest of the succession of Joyce B. Harper, deceased, as joint owner in indivisión of the insured property. The district court is to render a judgment in accordance with the law and the evidence after regular trial.
The defendant is hereby granted the right to apply for a rehearing from this decree in accordance with the rules of this court. All costs of this appeal are assessed against the plaintiff.
’ Original judgment of this -court set aside and case remanded to the lower court.